UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

'09 OCT -2 A11 :22

JON W. SANFILIPPO
CLERK

---

**HILDA L. SOLIS**, Secretary of Labor,
United States Department of Labor,

      Plaintiff,

v.

**SARAPHINO'S, INC. d/b/a SARAPHINO'S ITALIAN RESTAURANT and RUSHAN SINANI, an individual,**

      Defendant.

CIVIL ACTION

File No. **09-C-0954**

Legal and Equitable Relief Sought

---

## COMPLAINT

Plaintiff, **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, **SARAPHINO'S, INC. d/b/a SARAPHINO'S ITALIAN RESTAURANT**, a Wisconsin corporation, and **RUSHAN SINANI**, an individual, from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. section 201 et seq.), hereinafter called the Act, pursuant to Section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II**

(a) Defendant, **SARAPHINO'S, INC. d/b/a SARAPHINO'S ITALIAN RESTAURANT**, is and at all times hereinafter mentioned was a corporation with an office and a place of business at 3074 East Layton Avenue, Milwaukee, Milwaukee County, Wisconsin, within the jurisdiction of this court, and is and at all times hereinafter mentioned was engaged under the name of **SARAPHINO'S, INC. d/b/a SARAPHINO'S ITALIAN RESTAURANT** in the operation of a restaurant and in the performance of related types of activities.

(b) Defendant, **RUSHAN SINANI**, an individual, resides at 4504 South Whitnall Avenue, St. Francis, Milwaukee County, Wisconsin, and at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate Defendant in relation to its employees in that he was part owner and an officer of the of the corporation. Defendant, **RUSHAN SINANI**, had authority to hire and fire workers, determined rates of pay, and set working schedules for employees of the corporation.

**III**

Defendant, **SARAPHINO'S, INC. d/b/a SARAPHINO'S ITALIAN RESTAURANT** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

## IV

Defendant, **SARAPHINO'S, INC. d/b/a SARAPHINO'S ITALIAN RESTAURANT** at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

## V

Defendants have repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, by paying some of their employees wages at rates less than $5.15 per hour for the period prior to July 24, 2007 and wages at rates less than $5.85 per hour for the period from to July 24, 2007 to July 24, 2008 in workweeks when said employees were engaged in commerce and in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act. Defendants violated sections 6 and 15(a)(2) of the Act, in that they failed to pay some workers their last paycheck upon termination of employment resulting in less than the applicable minimum wage being paid to some employees for their last workweeks of employment.

## VI

3

Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates less than one and one-half times the regular rate at which they were employed. Defendants violated sections 7 and 15(a)(2) of the Act in that some employees worked in excess of 40 hours in a workweek and their rate of pay for the overtime hours was the same as the rate of pay for the first 40 hours worked in the workweek.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed. Defendants violated sections 11(c) and 15(a)(5) of the Act in that they failed to retain records of the hours worked and rates of pay for employees that worked in the kitchen of the restaurant.

## VIII

During the period since July 24, 2006, Defendants have repeatedly violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of any such judgment, from prospectively violating the provisions of section 15 of the Act; and

(b) For an Order

(1) pursuant to section 16(c) of the Act finding Defendants liable for unpaid minimum wages and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by the complaint); or in the event liquidated damages are not awarded,

(2) pursuant to section 17 enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due

Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. section 6621; and

    (c)    For an Order awarding Plaintiff the costs of this action; and

    (d)    For and Order granting such other and further relief as may be necessary and appropriate.

**CAROL A. DeDEO**
Deputy Solicitor for
    National Operations

**JOAN E. GESTRIN**
Regional Solicitor

*[signature]*

**ANTHONY D. JONES**
Attorney

**P.O. ADDRESS:**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street
    Suite 844
Chicago, Illinois 60604
Telephone: (312) 353-1143

Attorneys for **HILDA L. SOLIS**,
Secretary of Labor, United States
Department of Labor, Plaintiff

# EXHIBIT A

## EMPLOYEE NAMES

Felipe D. Crescenciano

Jose D. Crescenciano

Jose Lopez Sisneros

Martin Medina

Huriel Rizo

Luis A. Zapien

Patricio Zapien