UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **HILDA L. SOLIS,** Secretary of Labor**,** <br> United States Department of Labor, <br> <br> Plaintiff, <br> v. <br> <br> **SARAPHINO'S INC., d/b/a SARAPHINO'S ITALIAN RESTAURANT and RUSHAN SINANI, in his individual capacity** <br> <br> Defendants. | Case No. 09-cv-954 <br> <br> Hon. J.P. Stadtmueller <br> <br> **Civil L.R. 7(h) Motion** |

### SECRETARY OF LABOR'S MOTION FOR DISCOVERY SANCTIONS UNDER CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION

**Now comes** plaintiff, **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, by her undersigned counsel and pursuant to Civil L. R. 7(h) and Fed. R. Civ. P. 37(b)(2), hereby respectfully moves for an Order sanctioning defendants, **SARAPHINO'S INC.**, **d/b/a SARAPHINO'S ITALIAN RESTAURANT**, and **RUSHAN SINANI**, for failing to comply with the Court's November 8, 2010 Order compelling discovery. This Court's discovery Order ordered defendants to:

> . . . properly and fully answer the "Secretary of Labor's Interrogatories to Defendants (First Set)" by providing a written answer to each interrogatory in compliance with Rule 33 of the Federal Rules of Civil Procedure and respond to "Secretary of Labor's Requests for Production of Documents to Defendants (First Set)" in compliance with Rule 34 of the Federal Rules of Civil Procedure within ten (10) days of entry of this Order.

(Doc. 19). Following an initial two-month delay and a court Order compelling responses, defendants provided their discovery responses on November 18, 2010. However, defendants' responses fail to comply with the Court's Order.

Defendants' responses to the Secretary's Interrogatories, attached hereto as Exhibit A, violate the Court's order to "properly and fully answer" the interrogatories and "provid[e] a

written answer to each interrogatory in compliance with Rule 33 of the Federal Rules of Civil Procedure." Specifically, the answers contain the following significant, substantive deficiencies:

- Defendants' answers are not signed by the individual defendant or by a representative of the corporate defendant, nor are they under oath. *See* Fed. R. Civ. P. 33(b)(3), (5).

- <u>Answer no. 2(d)</u> Defendants' answer, "time cards," in response to request for identification of documents "relating to cash payment from defendants to employees" fails to properly identify any documents. No time cards have been provided by defendants.

- <u>Answer nos. 5(a)–(d)</u> Defendants' answer, "previously provided to investigator, document unavailable," does not provide the facts requested in the interrogatories. Response does not identify what facts or documents are being referred to.

- <u>Answer nos. 6(a)–(e)</u> *See* deficiencies outlined above in answer nos. 5(a)–(d), incorporated herein. With respect to answer no. 6(d), which asks for "all facts supporting any contention that the [back wage] calculations contains an error," defendants object to the interrogatory as "vague," without grounds or explanation.

- <u>Answer no. 7</u> Defendants' answer, "other employees of the defendant have observed the kitchen help and knew of their hours, wages and salaries," does not provide the requested information, as it fails to state the "specific facts and details" and the "name, address, and telephone number of each person having knowledge of such fact."

- <u>Answer no. 9</u> Defendants object to request for information concerning any changes to defendant's pay practices subsequent to plaintiff's investigation as "vague," without grounds or explanation.

- <u>Answer no. 10</u> Defendants' answer is completely non-responsive to interrogatory, which requests information regarding any changes to defendant's recordkeeping practices subsequent to plaintiff's investigation.

- <u>Answer no. 11</u> Defendants' answer, "other employees, other supervisors, other officers of the company," does not provide the requested information, as it fails to state any identifying information for the persons in question.

- <u>Answer no. 13</u> Defendants' answer is non-responsive, as it does not state the working shifts of cooks and dishwashers, as requested.

- <u>Answer no. 14</u> Defendants' answer is non-responsive, as it does not identify the employees working as cooks and dishwashers and their shifts. Regarding defendants' answer, "previously provided to investigator," *see* deficiencies outlined above in answer nos. 5(a)–(d), incorporated herein.

- <u>Answer No. 16</u> Defendants' answer, "see amendment to responses," is unintelligible, as no "amendment to responses" has been provided. Additionally, defendants refer to documents already given to the investigator without identifying the documents. *See* deficiencies outlined above in answer nos. 5(a)–(d) and incorporated herein.

Additionally, defendants' response to the Secretary's Requests for Production of Documents violates the Court's Order that defendants provide responses that comply with Fed R. Civ. P. 34. Defendants did not submit a written response to Plaintiff's Requests for Production; although a stack of documents was produced, defendants did not identify which documents relate to which requests. Also of significance is defendants' unexplained failure to produce documents after July 2008. Plaintiff requested documents from "from July 2006 through the present."

When a party violates a court's discovery order, the court may impose a range of sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," as well awarding costs and attorney's fees. Fed. R. Civ. P. 37(b)(2)(A), (C).[1] Here, defendants' failure to comply with the Court's discovery Order of November 8, 2010 has prejudiced plaintiff's ability to prepare the case for trial, including responding to defendants' denials of the allegations in plaintiff's complaint. In light of this failure, defendants should be precluded from introducing any evidence relating to the employment of persons identified in Exhibit A of Plaintiff's complaint, as well as their hours of work and compensation received – issues about which defendants have refused to provide discoverable information, in violation of this Court's Order.

---

[1] Neither Fed. R. Civ. P. 37(b), nor Civ. Loc. R. 37 appears to require that a party confer with opposing counsel prior to moving for a discovery sanction for failure to comply with a prior court order (as opposed to moving for the initial "Order Compelling Disclosure or Discovery"). Nonetheless, a Local Rule 37 Certification is filled herewith, describing plaintiff's efforts to obtain, without additional court action, full and complete discovery responses that comply with the Court's previous Order.

**Wherefore**, plaintiff respectfully requests that the Court issue a discovery sanction prohibiting defendants from introducing evidence related to three subject areas identified above, and award plaintiff costs and attorney's fees incurred in bringing this motion.

Respectfully submitted,

**M. PATRICIA SMITH**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor

P.O. ADDRESS:

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Room 844
Chicago, Illinois 60604
Telephone No.: 312/353-3668

_s/ Linda J. Ringstad_____
**LINDA J. RINGSTAD**
Attorney

Attorneys for **HILDA L. SOLIS**,
Secretary of Labor, United States
Department of Labor, Plaintiff