# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HILDA L. SOLIS, Secretary of Labor,

           Plaintiff,

    v.                                            Case No. 09-CV-954

SARAPHINO'S INC.,
d/b/a Saraphino's Italian Restaurant,
and RUSHAN SINANI,

           Defendants.

## ORDER

On November 24, 2010, plaintiff Hilda L. Solis ("Secretary") filed a Motion for Protective Order (Docket #21) pursuant to Local Civil Rule 7(h) and Federal Rule of Civil Procedure 26(c). On December 2, 2010, defendants Saraphino's Inc. ("Saraphino's") and Rushan Sinani ("Sinani", collectively, "defendants") will conduct depositions for a number of employees involved in the case. The Secretary requests that the court prohibit inquiry into communications between employees and the U.S. Department of Labor ("DoL") Wage and Hour Division, and also forbid questions regarding employee immigration or citizenship status. Per the following discussion, the court will grant the motion as to both the communications and questions regarding immigration or citizenship.

Rule 26(c) allows a court, for good cause, to issue an order protecting a party or person "from annoyance, embarrassment, oppression, or undue burden or

expense." Fed. R. Civ. P. 26(c)(1). Among permissible methods of protection is the restriction of inquiry into certain matters. Fed. R. Civ. P. 26(c)(1)(D).

## I. COMMUNICATIONS

The informer's privilege is a doctrine that protects the anonymity of a person cooperative with a government enforcement investigation. *Dole v. Local 1942, Int'l Bhd. of Elec. Workers, AFL-CIO*, 870 F.2d 368, 372-73 (7th Cir. 1989). The privilege also protects the contents of communications with government investigators if the contents would tend to reveal the informant's identity. *United States v. Herrero*, 893 F.2d 1512, 1525 (7th Cir. 1990). The informer's privilege is waived upon disclosure of the informant's identity. *Id.* at 375 (citing *Roviaro v. United States*, 353 U.S. 53, 60 (1957)). Thus, where a formal complainant has self-identified, there is no point in a "post-hoc facade of anonymity." *Id.* at 374. However, waiver of the privilege does not occur simply because discovery has disclosed the identity of persons with "knowledge" of the matter absent express identification, death, or possibly overwhelming evidence. *Id.* at 375. The informer's privilege is qualified in that it gives way upon a showing by the defendant that the necessity of the information outweighs the entitlement to privilege. *Id.* at 373. Such a showing requires the identification be "essential to a balanced measure of the issues and the fair administration of justice." *Id.* at 372.

The Secretary argues that because the government holds an informer's privilege that protects the identities of persons cooperating with government

Case 2:09-cv-00954-JPS   Filed 11/30/10   Page 2 of 5   Document 26

investigation, the communications with the DoL by employees who have cooperated should be protected from disclosure during the depositions. Defendants urge that the Secretary has waived the privilege by already disclosing the identity of informants in this case. As support, they point to the Affidavit of Rushan Sinani (Docket #25-1) as evidence that Sinani is already aware of the informants' identity. His affidavit asserts that Sinani met with the DoL investigator, confirmed the identities of seven employees whom the investigator inquired about, was asked about the specific job of each employee, and was told by the investigator that he did not care about the legality of the employees' presence in the United States. (Aff. of Rushan Sinani ¶¶ 2-4, 6). The Affidavit also points out that the Secretary included these seven employees' names as an exhibit to the original Complaint (Docket #1). (Aff. of Rushan Sinani ¶ 5).

While Sinani's affidavit does establish that the DoL has identified seven employees, it does not establish that any of the seven were ever specifically identified as *informants*. The court may not assume waiver from the mere identification of persons with knowledge, and defendants have not shown that any informants were expressly or otherwise sufficiently identified. Thus, on the facts before the court, the informer's privilege is applicable. Furthermore, the privilege is applicable on its face to employee communications with the DoL. Such communications, given their direct relation to the investigation, would tend to reveal an informant's identity. Because defendants have not carried their burden in

-3-

illustrating why the privilege should not apply to such communications, or alternatively made any showing that specific communications would not tend to reveal the identity of informants, the court will grant the Secretary's motion with regard to the communications at issue.

## II.   IMMIGRATION AND CITIZENSHIP STATUS

The immigration status of an alleged victim, where not relevant to claims or defenses, may be placed under a protective order. *See E.E.O.C. v. Bice of Chi.*, 229 F.R.D. 581, 582-83 (N.D. Ill. 2005). Moreover, where irrelevant, inquiry into immigration status is often oppressive and can have a chilling effect on the exercise of labor and civil rights. *See Bice of Chi.*, 229 F.R.D. at 583; *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064-65 (9th Cir. 2004) (case law substantiates fears of retaliation after asserting labor and civil rights; "[g]ranting employers the right to inquire into workers' immigration status . . . would allow them to raise implicitly the threat of deportation").

Regarding the Secretary's second request, defendants assert that the immigration and citizenship status of the witness employees are relevant to their credibility. Defendants argue that they believe the employees' motive for complaining may relate to their legal or illegal presence within the United States. They specifically point to alleged statements by investigators that employees were told legal status would be irrelevant if they cooperated. The fact that such statements were made may be relevant to credibility, but the underlying legal status

Case 2:09-cv-00954-JPS   Filed 11/30/10   Page 4 of 5   Document 26

is not.  A person's legal status itself has no bearing on that person's propensity for dishonesty, and thus defendants' assertion that legal status is relevant to credibility is incorrect.  Moreover, entry of a protective order finds good cause in this case because inquiry into legal status here, where irrelevant, is oppressive and also has a chilling effect on those who might seek to enforce their labor rights.  As such, the court will also grant the motion with regard to inquiry into immigration and citizenship status.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Protective Order (Docket #21) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the defendants shall not ask deponents questions intended to elicit either the identity of informants, or contents of communications, written or oral, of individuals who communicated with the U.S. Department of Labor regarding the investigation; and

**IT IS FURTHER ORDERED** that the defendants shall not ask deponents questions intended to elicit immigration or citizenship status.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-5-