# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

HILDA L. SOLIS,

                Plaintiff,

      v.                                        Case No.  09-CV-954

SARAPHINO'S, INC.,
d/b/a Saraphino's Italian Restaurant,
and RUSHAN SINANI,

                Defendants.

---

# ORDER

On November 8, 2010, this court entered an order compelling discovery (Docket #19) pursuant to Federal Rule of Civil Procedure 37(a) on November 8, 2010.  That order required defendants Saraphino's, Inc. and Rushan Sinani ("defendants") to properly and fully answer a set of interrogatories in compliance with Rule 33.  The order also required defendants to respond to a request for production of documents in compliance with Rule 34.  In both cases, defendants had simply failed to respond in any fashion.  Defendants produced responses on November 18, 2010, but the plaintiff complains of a lack of compliance with the court order.  On November 24, 2010, plaintiff Hilda L. Solis, Secretary of Labor ("Secretary"), filed an expedited Motion for Discovery Sanctions (Docket #23) pursuant to Civil Local Rule 7(h) and Federal Rule of Civil Procedure 37(b)(2).  Defendants have not filed a brief in opposition to the motion.  That ground alone is sufficient to grant the motion, Civ. L. R. 7(d), but the merits of the motion also support its grant.

Under the rules of procedure, failure to obey a court order to provide discovery, including under Rule 37(a), is grounds for the issue of sanctions. Fed. R. Civ. P. 37(b)(2)(A). The form of sanction is generally left to the discretion of the court, but Rule 37 provides permissible suggestions, including an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). The rule also allows a court to order the disobedient party to pay reasonable expenses, including attorney fees, resulting from its failure – either as independent sanction, or in addition to other remedy. Fed. R. Civ. P. 37(b)(2)(C).

The Secretary lists a number of perceived deficiencies with defendants' response to both the interrogatories and the request for production. As sanction, the Secretary requests that the court prohibit defendants from introducing evidence related to employment, hours of work, and compensation of persons listed in Exhibit A of the complaint (Docket #1), as well as attorney fees related to this motion. Under the governing rule, each interrogatory must be answered fully, under oath, and be signed by the person answering. Fed. R. Civ. P. 33(b)(3), (5). Further, any objections made must be "stated with specificity." Fed. R. Civ. P. 33(b)(4). The Secretary complains that defendants' answers are not signed, nor are they provided under oath. She also takes issue with a number of the answers, as follows:

**Answer No. 2(d):** "Time cards" in response to "Identify any and all documents or records relating to cash payments from defendants to employees." (Mot. for Discovery Sanctions Ex. A, at 2) (Docket #23-1);

**Answer Nos. 5(a)-(d), 6(a), (c), (e):** "Previously provided to investigator, document unavailable" or "Unavailable" in response to requests for specific information regarding specific employees' dates of employment, hours worked, compensation, and the factual basis for disputing claims of back pay; (*Id.* at 4)

**Answer No. 7:** "other employees of the defendant have observed the kitchen help and knew of their hours, wages and salaries" in response to a request for "specific facts and details" and names, addresses, and telephone numbers; (*Id.* at 5-6)

**Answer No. 10:** an explanation of defendants' negotiation with employees regarding hours and pay in response to inquiry about "any changes made by defendants' [sic] to the *record keeping practices* related to defendants' employees" subsequent to the last Department of Labor investigation; (*Id.* at 7-8) (emphasis in original)

**Answer No. 11:** "other employees, other supervisors, other officers of the company" in response to "Identify the individual(s)" with various responsibilities; (*Id.* at 8)

**Answer No. 13:** "7:00 a.m. to 10:00 p.m." in response to "State the restaurant's hours of operation and working shifts for cooks and dishwashers"; (*Id.*)

**Answer No. 14:** "Previously provided to investigator. As to each employee their shift was not necessarily the same each day" in response to a request for the identity of cooks, dishwashers, their shifts, and whether shifts changed between October 2007 and present; (*Id.* at 8-9)

**Answer No. 16:** "See amendment to responses" and "Any records are in the possession of the defendants and copies have already been given to the Department's investigator" in response to a request for the name, address, phone number, summary of testimony, and documents or other evidence expected to be proved through anticipated witnesses. (*Id.* at 9). The Secretary states that no "amendment to responses" has been provided.

**Answer Nos. 6(d), 9:** The Secretary complains that defendants' objections of "vague" are insufficient in response to a request for all facts supporting any contention that plaintiffs back pay calculations are incorrect, and a request for description of any changes made to pay practices subsequent to the last Department of Labor investigation. (*Id.* at 5, 7)

To begin, the Secretary is correct that the interrogatory answers should have been signed and sworn to, but were not. Because it may have been an oversight, though a serious one, the court does not find that ground sufficient to impose the requested sanction of prohibiting introduction of evidence. Further, the court agrees that the complained-of answers are indeed insufficient. In all of the illustrated answers, defendants have generally failed to offer any specifying information which might allow the Secretary to identify the subject of the response. For example, stating that a document is unavailable because it has been previously provided does not actually identify the supposed document in question. The same is true for simply identifying general classes of people such as "other employees" when specifics have been requested. Nor does an answer such as "time cards" provide any specifics allowing the Secretary to in fact identify the documents at issue. Regarding defendants' objections, the court does not find "vague" to be a specific or reasoned objection, and in any event disagrees that the interrogatories objected to are in fact vague. As such, the court overrules those objections and will order defendants to sufficiently respond. The court thus finds the defendants' specified answers worthy of sanction.

As to the request for production, Rule 34 requires that a party responding to a request for production must do so in writing, stating for each item or category whether inspection will be permitted or whether there is an objection, including reasons. Fed. R. Civ. P. 34(b)(2)(A), (B). A party must produce documents either as they are kept in the usual course of business or organized and labeled to

correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E)(I). The Secretary states that defendants neither submitted a written response, nor identified which documents produced relate to which requests. Defendants have also apparently failed to produce documents from after July 2008, though the Secretary requested documents from July 2006 through the present. As such, and in view of the lack of opposition on the part of defendants, the court finds that all the complained-of failures regarding production are worthy of sanction.

However, the question of appropriate sanction remains. The Secretary requests that the court preclude defendants from introducing any evidence relating to the employment of persons identified in Exhibit A of the complaint, as well as their hours of work and compensation received, as such evidence is within the scope of the interrogatories and request for production. The Secretary also requests an award of costs and attorney fees incurred in bringing the motion. The court agrees that such a prohibition relates to the failures at hand, and would be sufficient sanction. But, because of the harshness of such a sanction, the court will instead provide defendants with one last chance, ordering them to remedy the failures outlined in this decision within 10 days or else the court will indeed impose the requested prohibition. However, in forcing the Secretary to bring this motion, the court also finds appropriate the award of costs and attorney fees incurred by the Secretary in bringing this motion.

As such, the court expects the defendants to remedy the following failures as provided:

- **Answer No. 2(d):** Specify the "time cards" in question sufficient to allow identification by the Secretary.

- **Answer Nos. 5(a)-(d), 6(a), (c), (e):** Identify the specific "documents" in question, as well as the "investigator" and/or dates provided if doing so will aid in identification.

- **Answer No. 7:** Provide specific names, addresses, and phone numbers of the "other employees" referenced.

- **Answer No. 10:** Provide an answer related to changes in record keeping practices.

- **Answer No. 11:** Provide actual identifying information of the "other" individuals referenced, along with the related responsibility.

- **Answer No. 13:** Provide separate answers for restaurant hours and work shifts. If cooks and dishwashers indeed work a 7:00 a.m. to 10:00 p.m. shift, then so state.

- **Answer No. 14:** Indicate which investigator, dates provided, or documents provided so as to identify the previous production. Alternatively, provide specific identifying information as to the cooks and dishwashers in question as well as their shifts.

- **Answer No. 16:** Either provide the "amendment" sufficient to respond to the interrogatory, or provide sufficient information for the Secretary to locate previously provided records. Alternatively, provide specifically the name, address, phone number, summary of testimony, and documents expected to prove through each specific witness, as requested.

- **Answer Nos. 6(d), 9:** Provide sufficient response.

- Resubmit the answers to interrogatories **signed** by the answering defendants **and under oath**.

- Provide a **supplemental written response** to the requests for production, including an explanation for why documents post-July 2008 have not been provided, unless defendants do submit such documents.

- The written response should either **indicate which documents relate to which requests**, or indicate that the documents are produced as kept in the regular course of business (should that be the case).

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Sanctions (Docket #23) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the defendants shall provide proper response to the interrogatories and request for production, sufficient to remedy the failures as identified herein, **within 10 days of this order**;

**IT IS FURTHER ORDERED** that should defendants fail to remedy their failures as ordered, the court shall, upon motion of the plaintiff, immediately grant a prohibition on defendants' introduction of evidence related to the employment, hours worked, or compensation of persons identified in Exhibit A of plaintiff's complaint (Docket #1); and

**IT IS FURTHER ORDERED** that defendants shall pay to plaintiff costs and attorney fees related to plaintiff's Motion for Discovery Sanctions.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge