UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **HILDA L. SOLIS,** Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> **SARAPHINO'S INC., d/b/a SARAPHINO'S ITALIAN RESTAURANT** and **RUSHAN SINANI**, as an individual, <br><br> Defendants. | Case No.: 09-cv-954 <br><br> Hon. J.P. Stadtmueller |

### SECRETARY OF LABOR'S REPLY MEMORANDUM TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, by her undersigned attorney, submits the following reply to "Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment" (hereinafter "Defendants' Response").

### ARGUMENT

**A.  Plaintiff's Facts Are Not Properly Controverted By Defendants And Are Deemed Admitted.**

Defendants' Response merely relies on denials in response to the Secretary's motion for summary judgment. Defendants do not state any facts supported by the record or other supporting materials to show genuine material issues of fact. Civil L. R. 56(b)(2) sets forth the following materials required to be filed by an opposing party in opposition to a moving party's motion for summary judgment: (a) a memorandum of law; (2) a concise response to the movant's statement of facts; and (3) any affidavits, declarations, and other materials referred to in Rule 56(e) of the Federal Rules of Civil Procedure. The

requirement of a concise response to the statement of facts specifies:

> (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and
>
> (ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph.

Civil L. R. 56(b)(2)(B). Defendants' Response does not include a memorandum of law, any affidavits, declarations or other materials, or a concise response to the plaintiff's statement of facts as specified by Civil L. R. 56(b)(2)(B). The Local Rules also state the effect of uncontroverted statements of facts. "The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment." When a party ignores Civil L.R. 56(b)(4) and does not assert a proper objection, the court will deem admitted proposed findings for purposes of a summary judgment. Fail-Safe LLC v. A.O. Smith Corp., 2010 WL 3503427 fn 13 (E.D. Wis. 2010).

Defendants' Response only disputes the employees' hours worked and seeks a trial on the limited issue of the amount of back wages. Defendants did not dispute that they did not pay the employees overtime wages for hour over 40 in a workweek. In fact, they state, "[t]he respondent Rushan Sinani claims each employee was told at the beginning of their employment that they could pick the total hours they would work and their wage for the total time was then negotiated." Defendants have not proffered any

facts to support a good faith and reasonable belief defense to liquidated damages. Therefore, at a minimum, enterprise coverage, failure to pay overtime, an individual employer, and the appropriateness of liquidated damages and an injunction, have been admitted by the defendants.

> **B. Plaintiff Has Met The Mt. Clemens Burden of Proving The Extent of Work Not Properly Compensated By a "Just and Reasonable Inference" While Defendants Have Not Met Their Burden.**

In accordance with <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680 (1945) and <u>Wirtz v. Turner</u>, 330 F.2d 11 (7th Cir. 1964), Plaintiff's investigator used the pay rates and average hours provided by employees to determine the unpaid overtime compensation. *Prop. Fact Nos. 86 and 88*. The investigator had requested pay and time records by defendants and was only provided a single workweek of timecards. *Prop. Fact No. 85*. During discovery of this action, defendants repeatedly stated that they did not maintain time or pay records of kitchen employees. *Prop. Fact Nos. 22 and 26--29*. Based upon personal knowledge, employees have submitted declarations made in compliance with 28 U.S.C. § 1746, stating their own pay and average hours worked during their employment at Saraphino's. *PSJ Exs. J—L*. Under the Committee Comments to Civil L. R. 56, the Committee states "Civil L. R. 56, like Civil L. R. 7, also makes clear that declarations made in compliance with 28 U.S.C. § 1746 may be used in the summary judgment process to the same effect as affidavits." Thus, plaintiff has met the <u>Mt. Clemens</u> burden of showing by "just and reasonable inference" the nature and the extent of unpaid compensation.

On the other hand, Defendants have not come forward with even a scintilla of evidence of the precise amount of work performed or with evidence to negate the

reasonableness of the inference to be drawn from the Secretary's evidence. <u>Mt. Clemens</u>, 328 U.S. at 687—88. Unsupported denials proffered by Defendants do not rise to the level of the burden imposed on employers who fail to maintain pay and time records, as required by section 11 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 <u>et seq</u>.

## **CONCLUSION**

**Wherefore**, the Secretary respectfully requests that her motion for summary judgment be granted.

Respectfully submitted,

**M. PATRICIA SMITH**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor

s/ Linda J. Ringstad
**LINDA J. RINGSTAD**

U.S. Department of Labor
230 S. Dearborn St., Room 844   Attorney for **HILDA L. SOLIS**,
Chicago, Illinois 60604   Secretary of Labor, United States
Telephone No.: 312/353-3668   Department of Labor, Plaintiff