# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HILDA L. SOLIS, Secretary of Labor,

        Plaintiff,

v.                                                    Case No. 09-CV-954

SARAPHINO'S, INC.,
d/b/a Saraphino's Italian Restaurant,
and RUSHAN SINANI,

        Defendants.

## ORDER

On December 29, 2010, plaintiff Hilda L. Solis, U.S. Secretary of Labor ("Secretary"), filed a Motion for Summary Judgment (Docket #29). The motion alternatively requests partial summary judgment as to liability should the court find a dispute as to damages. This action arises from the Secretary's allegation that defendants Saraphino's, Inc. ("Saraphino's") and Rushan Sinani ("Sinani," collectively, "the Restaurant") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The Secretary has alleged that the Restaurant paid employees less than minimum wage by failing to pay some workers' last paychecks upon termination of employment. The Secretary has also alleged that the Restaurant failed to pay some employees at the required overtime compensation rate for workweeks longer than forty hours. Finally, the Secretary alleged that the Restaurant failed to comply with the record-keeping provisions of the FLSA. She

asks for an injunction against prospective violation of the FLSA, a finding of liability for unpaid compensation, as well as liquidated damages.[1]

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In other words, in determining whether a genuine issue of material fact exists, the court must construe all reasonable inferences in favor of the non-movant. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983). However, where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," there is no genuine dispute as to any material fact because a complete failure of proof "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

---

[1]The Secretary requests judgment only as to five of the seven employees incorporated in her complaint: Felipe D. Crescenciano, Jose D. Crescenciano, Martin Medina, Luis A. Zapien, and Patricio Zapien.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Where a party fails to address another party's assertion of fact, the court may deem it undisputed for purpose of the motion and may grant summary judgment if the movant is so entitled. Fed. R. Civ. P. 56(e)(2), (3); Civ. L. R. 56(b)(4).

## BACKGROUND

Before laying out the undisputed facts, the court notes the procedural state of this motion. The Secretary originally submitted her motion along with a memorandum of law, a statement of proposed material facts, and supporting declarations and other exhibits. (Docket #'s 30, 31, 32). In opposition, the Restaurant filed a two-page memorandum stating only that defendants are entitled to a trial on the issue of the number of hours worked and thus the amount of any

wages due. The Restaurant filed no response to the Secretary's statement of fact or other supporting materials; instead, it makes one brief citation in its memorandum to Sinani's deposition transcript, submitted by the Secretary. Thus, the factual background that follows is undisputed.

Saraphino's is a restaurant under the ownership and direction of Sinani. (Pl.'s Statement of Fact ¶¶ 5, 8, 9) (Docket #31). At all times relevant, the restaurant was engaged in commerce and had annual sales exceeding $500,000. (*Id.* ¶ 4). The restaurant ordered goods from Illinois and also served Italian wine and beer. (*Id.* ¶ 7). Sinani is owner and president of Saraphino's and makes decisions related to hiring, firing, setting pay rates, paying cash to kitchen employees, scheduling work, and supervising time cards. (*Id.* ¶¶ 8, 11-12, 17, 26, 81).

During their last two-plus weeks of employment, the Restaurant failed to pay any wages to two employees: Felipe Damian Crescenciano and Jose Crescenciano. (*Id.* ¶¶ 66-67, 73-74, 77). Further, during the time in which the U.S. Department of Labor conducted its investigation, the Restaurant knew it was required to pay the minimum wage rate as well as time-and-a-half for hours in excess of forty in a workweek. (*Id.* ¶ 98). Seven employees, employed in the kitchen, were paid in cash for all work, worked forty-five or more hours per week, and were paid at their regular hourly rate for all hours worked. (*Id.* ¶¶ 26, 31-35, 37, 43, 75, 76, 84). The Secretary seeks damages related only to unpaid overtime to five of those employees: Martin Medina, Patricio Zapien, Luis A. Zapien, Felipe D. Crescenciano,

-4-

Case 2:09-cv-00954-JPS   Filed 04/22/11   Page 4 of 13   Document 36

and Jose D. Crescenciano. (*Id.* ¶ 92). The Restaurant failed to pay those five employees any extra amount for overtime hours. (*Id.* ¶¶ 26, 37, 43, 75-76). The Restaurant admitted the employees worked more than forty-five hours per week. (*Id.* ¶¶ 31-35). In the defendants' interrogatory responses, they asserted average total hours and rates paid that differ from evidence offered by the Secretary. (*Id.* ¶¶ 31-36). However, the Restaurant purposely did not maintain records of pay or hours worked and, though claiming to have paid overtime, have no records or knowledge to demonstrate such. (*Id.* ¶¶ 17, 22-29, 94-96). In fact, prior to this suit, Sinani admitted to a Department of Labor investigator that he did not pay overtime to cash employees. (*Id.* ¶ 84). Moreover, during the Department of Labor's investigation, Sinani told one employee to pose as another for an interview and also instructed some employees not to punch time cards for more than forty hours in a week. (*Id.* ¶¶ 43-45, 52, 59, 82).

As to record keeping, the Restaurant maintained time and pay records for wait staff and salaried employees, (*Id.* ¶ 97), yet admitted it did not do so for employees paid cash, rather it disposed of time cards after payment. (*Id.* ¶¶ 17, 22, 26-27). Even after the Department of Labor initiated an investigation in 2008, the Restaurant continued in its failure to maintain pay and time records for kitchen employees until December 2010. (*Id.* ¶¶ 94-96). The employees at issue in this suit, however, provided employment dates, days worked, days off, start and end times, pay rates, and pay methods. (*Id.* ¶¶ 39-71). On the basis of this information, the Department

of Labor calculated overtime premiums due in the total amount of $23,504.00. (*Id.* ¶¶ 88-92). The Department of Labor further calculated the total unpaid compensation for the final weeks of Felipe D. Crescenciano's and Jose D. Crescenciano's employment as $125.78. (*Id.* ¶ 93).

## ANALYSIS

Because the court accepts the Secretary's offered facts as undisputed in light of the Restaurant's lack of response, and because the bare disputes as to the amount of wages due are not sufficient to overcome the Restaurant's burden, the court will enter judgment in favor of the Secretary. Under the FLSA, every "employer" must pay at least the federal minimum wage for each hour an employee works. 29 U.S.C. § 206(a). Where an employee works more than forty hours in a workweek, an employer must compensate the employee at a rate no less than one and one-half times the employee's regular rate. 29 U.S.C. § 207(a). Additionally, every employer must "make, keep, and preserve" records of persons employed and their wages and hours, pursuant to regulation. 29 U.S.C. § 211(c). Saraphino's is an enterprise subject to the FLSA and both it and Sinani are employers within the meaning of the Act. Moreover, it is undisputed that the Restaurant failed to pay two employees for work performed during their final workweeks, and also failed to compensate five employees at a proper rate for hours worked beyond forty in a workweek. The Restaurant also failed to keep records in accordance with the Act. The court discusses all issues in more detail below.

**I.  LIABILITY UNDER THE FLSA**

To begin, in order to fall under the FLSA's minimum wage and overtime requirements, as relevant here, an employee must be "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a). An enterprise constitutes related activities performed for a common business purpose. 29 U.S.C. § 203(r)(1). An enterprise engaged in commerce has employees engaged in commerce or handling, selling, or working on goods moved in or produced for commerce, as well as an annual gross volume of sales or business done of no less than $500,000. 29 U.S.C. § 203(s)(1)(A). Because Saraphino's has had sales exceeding $500,000 and employees handled and served goods ordered from Illinois and Italy, it is an enterprise covered under the FLSA.

Further, only an "employer" is subject to liability. 29 U.S.C. §§ 206(a), 207(a). An employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) (collecting cases); *see also Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987) (FLSA permits naming another employee defendant provided "supervisory

authority" over employee and whole or part responsibility for alleged violation).[2] Saraphino's itself is clearly an employer of the employees in question. Sinani also qualifies as an employer in that he exercised control over the employees with regard to employment and pay practices. Moreover, he is owner and president of Saraphino's. Thus, both defendants are properly subject to liability, jointly and severally, under the FLSA.

## II.    FAILURE TO PAY REQUIRED WAGES AND KEEP RECORDS

As noted above, an employer is required to pay employees a minimum wage for each hour worked. 29 U.S.C. § 206(a). Saraphino's has not disputed that it failed to pay the wages of two employees for their last weeks of employment. Thus, Saraphino's and Sinani are liable for those back wages.

Additionally, an employer must pay an employee that works more than forty hours in a workweek "at a rate not less than one and one-half times the regular rate at which he is employed" for each hour after forty. 29 U.S.C. § 207(a). On the basis

---

[2] *See also Falk v. Brennan*, 414 U.S. 190, 195 (1973) (finding employer status for apartment management services group where managerial responsibilities at building "gave it substantial control of the terms and conditions of the work" of employees); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (citing *Donovan*); *Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989) (same); *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (same); *Hernandez v. City Wide Insulation of Madison, Inc.*, No. 05-C-303, 2006 WL 1993552, at *2 (E.D. Wis. July 14, 2006) (same); *Dole v. Simpson*, 784 F. Supp. 538, 546 (S.D. Ind. 1991) (same); *cf. Boucher v. Shaw*, 572 F.3d 1087, 1094 (9th Cir. 2009) (accepting *Donovan* to establish liability of individual managers after corporation's filing for bankruptcy); *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 387 (2d Cir. 1989) (citing *Donovan* for comparison in ERISA case); *Laborers Pension Fund v. Bakke Const. Co.*, No.87C963, 1987 WL 19818, at *4 (N.D. Ill. Nov. 10, 1987) (citing *Donovan* in ERISA case).

of the facts recited above, and the Restaurant's failure to dispute them, the court finds Saraphino's and Sinani liable for failing to pay overtime wages.

Finally, under the FLSA, every employer is required to "make, keep, and preserve" records as to each employee, their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). The regulations governing the specific requirements mandate tracking the hours worked each workday and workweek, as well as total wages paid for each pay period. 29 C.F.R. § 516.2(a). It is undisputed that the Restaurant failed to properly keep records as required by statute and the implementing regulations. Thus, the court finds Saraphino's and Sinani have violated the record-keeping requirements of the FLSA.

The only items disputed by the Restaurant are the hours worked and thus the amount of wages actually due. The Supreme Court has held that, where an employer keeps inaccurate or inadequate records, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). After such showing, the burden shifts to the employer to provide "evidence of the precise amount of work performed or . . . evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate."

-9-

*Id.* at 687-88. As noted previously, the Restaurant has failed to properly dispute any of the Secretary's proposed facts, thus leading to the court's acceptance of those facts for purposes of this motion. Here, the undisputed facts show that the Restaurant failed to maintain adequate pay and time records for the employees in question. Thus, the Secretary is entitled to advance her case upon showing the amount and extent of work through a "just and reasonable inference." This she has done. The employees here provided, by means of declaration, employment dates, days worked, days off, start and end times, pay rates, and pay methods. This information is sufficient to establish a just and reasonable inference supporting the Secretary's calculation of unpaid wages.[3] The Restaurant, meanwhile, has failed to carry its shifted burden. It has offered no response to the Secretary's proposed statement of fact, thereby leaving the court to accept the Secretary's calculations as a matter of course under summary judgment rules.

Further, even if the court were to credit the Restaurant's brief with establishing a dispute, it would not be sufficient to carry its burden. At best, the brief cites to Sinani's deposition to establish that the employees "were paid the minimum wage at a minimum and [Sinani] speaks of each employee as receiving that minimum wage." (Defs.' Opp. Br. 2) (Docket #34). However, bald statements by Sinani certainly do not evidence the precise amount of work performed, nor do they negate

---

[3] *See Martin v. Tony & Susan Alamo Found.*, 952 F.2d 1050, 1051-52 (8th Cir. 1992) ("pattern or practice" evidence sufficient).

-10-

the reasonableness of the inference to be drawn from the Secretary's evidence.[4] Thus, even if the court were to overlook the Restaurant's lack of proper opposition and consider Sinani's statements, viewing those "facts" in a light most favorable to defendants, no reasonable jury could find they had carried their burden. Thus, summary judgment in favor of the Secretary as to the amount of unpaid wages is appropriate.

### III.    LIQUIDATED DAMAGES AND INJUNCTION

As to liquidated damages and an injunction, the court finds the Secretary is entitled to both. Where an employer violates the minimum wage or overtime provisions in §§ 206 and 207 of the FLSA, the employer is liable for the unpaid compensation as well as an additional "equal amount as liquidated damages." 29 U.S.C. § 216(c). Thus, liquidated damages are mandatory unless an employer proves it took its actions in good faith and under a reasonable belief of consistency with the law. *Shea v. Galaxie Lumber & Const. Co.*, 152 F.3d 729, 733 (7th Cir. 1998) (citing 29 U.S.C. § 260). Here, the Restaurant has offered no proposed facts

---

[4] Defendants also briefly argue that the Secretary's evidence is inadmissible hearsay. The argument is not developed and the court need not address it, *e.g., Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) (undeveloped arguments waived), however, the assertion appears off the mark in any event. The court is unsure how declarations from employees constitute hearsay in the context of a summary judgment motion. The facts of an employee's own employment would be admissible at trial were he to testify. To the extent defendants refer to Sinani's own statements used by the Department of Labor investigator in estimating unpaid wages, those would not be hearsay as they would be admissions by a party-opponent.

-11-

to establish that it acted in good faith under a reasonable belief. Thus, summary judgment awarding liquidated damages is entirely appropriate in this case.[5]

As to an injunction, district courts have authority to restrain withholding payment of minimum wages or overtime compensation, as well as record-keeping violations. 29 U.S.C. § 217. Absent "recognized mitigating factors," the government is entitled to an injunction upon proof of violations. *Walling v. Nat'l Ice & Fuel Corp.*, 158 F.2d 28, 29 (7th Cir. 1947). Because the Secretary has proven violations, and defendants have failed to offer any facts establishing any type of mitigation,[6] the court finds an injunction appropriate.

## IV. CONCLUSION

In sum, the court concludes that both defendants fall within the scope of the FLSA and have violated the minimum wage, overtime, and record-keeping provisions of the Act according to the undisputed facts. The Secretary is entitled to judgment awarding unpaid compensation as well as liquidated damages in an equal amount and an injunction restraining the violations found herein. As to the amount of damages, the Restaurant has failed to offer any evidence sufficient to support a reasonable jury finding that it carried its burden and, therefore, the Secretary is entitled to judgment on the amount of damages as well.

Accordingly,

---

[5] Even despite the fact that a defendant shoulders the burden of proof, a brief review of the undisputed facts show a fairly obvious lack of good faith and reasonable belief.

[6] Defendants also do not argue against an injunction.

**IT IS ORDERED** that the plaintiff's Motion for Summary Judgment (Docket #29) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that defendants, jointly and severally, shall pay to employees Felipe D. Crescenciano, Jose D. Crescenciano, Martin Medina, Luis A. Zapien, and Patricio Zapien, under supervision of the plaintiff, unpaid minimum wage and overtime compensation in the amount of $23,629.78 and an equal amount of liquidated damages for a **total amount of $47,259.56**; and

**IT IS FURTHER ORDERED** that defendants be and the same are hereby **permanently enjoined** from continued violation of the minimum wage, overtime, and record-keeping provisions of the Fair Labor Standards Act, and from withholding unpaid compensation adjudicated herein.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge